UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHOPKO STORES, INC.,

      Plaintiff,

v.                                                      Case No. 05-C-969

SCORPIO ACCESSORIES LLC, et al.,

      Defendants.

**ORDER**

      In March 2005, the defendant Scorpio Accessories had shown plaintiff Shopko a draft of a complaint it had drawn up against Shopko alleging claims for breach of contract, conversion, unjust enrichment and quantum meruit. The amount of damages claimed in the draft complaint was $141,834. Apparently that lawsuit was never filed, but the dispute lingered and in September 2005 Shopko filed the present action in federal court seeking declaratory relief. Since then the defendants have moved to dismiss on the grounds that the amount in controversy is only $72,000, which is less than the $75,000 jurisdictional hurdle of 28 U.S.C. § 1332(a).

      "Whether § 1332 supplies jurisdiction must be determined at the outset of a case; 'events after the suit begins do not affect ... diversity jurisdiction.'" *Geschke v. Air Force Ass'n,* 425 F.3d 337, 341 (7th Cir. 2005)(quoting *Johnson v. Wattenbarger,* 361 F.3d 991, 993 (7th Cir. 2004)). I note that because this is a declaratory judgment action, the traditional roles of plaintiff and defendant are reversed. In the context of this case, where the amount in controversy is at issue, the role-reversal is even more unusual in that the plaintiff–the party in breach–finds itself claiming the damages from its breach are *greater* than the other side now says they are. In any event, Scorpio claims that Shopko's assessment of damages is overstated and that there is no chance Shopko would

ever be liable for more than the $75,000 jurisdictional amount. But that claim ignores the fact that the defendants threatened to sue Shopko for some $141,834 only a few months earlier. The only thing that has changed since Scorpio threatened to sue Shopko in March is a letter sent by its president to Shopko on August 1. In the letter, Scorpio's president offered to sell the products in controversy to Shopko for $72,000.[1] But that letter does not conclusively establish that the amount in controversy is only $72,000; it merely reveals that at some point the defendant proposed that price as a settlement to the problem. Since the proposal was apparently rejected, it is clear at this stage that $72,000 does not bear a definitive relation to the actual amount in controversy. Moreover, Scorpio cites no precedent for the proposition that one party's unilateral proposal, made in advance of litigation, can be dispositive of the amount in controversy. Indeed, many parties alleged to be in breach deny that there is *any* amount in controversy, and certainly their opinions that they owe $0 do not mean that the jurisdictional amount is not met in every such case.

In sum, having threatened to sue Shopko for $141,834, without more definitive evidence to the contrary Scorpio cannot now claim after the fact that the amount in controversy is really only $72,000.[2] The motion to dismiss is therefore **DENIED**.

**SO ORDERED** this __23rd__ day of December, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

---

[1] The August 1 letter is found at the last page of the exhibits attached to the plaintiff's brief in opposition.

[2] Scorpio also protests that Shopko is attempting to use other amounts it concedes it owes Scorpio (stemming from an unrelated transaction) in the amount-in-controversy calculation. But that only answers part of the problem; what's undisputed is that Scorpio's draft complaint cited $84,259 as the amount relating to the products at issue here.

2