# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHOPKO STORES, INC.,

      Plaintiff,

v.                                                   Case No. 05-C-969

SCORPIO ACCESSORIES LLC, et al.,

      Defendants.

**ORDER**

      The defendants ("Scorpio") seek leave to amend their counterclaims, and they have also moved to amend the scheduling order to allow an additional month for discovery. The plaintiff opposes both motions. For the reasons given below, both motions to amend will be granted.

      The defendants' proposed amended answer adds a counterclaim for fraudulent misrepresentations. Based on discovery recently obtained, the defendants believe Shopko had misrepresented to them that negotiations for costume jewelry were bona fide discussions, when in fact it appears that Shopko had already signed a contract with another supplier. Specifically, the claim asserts that:

> 77. ShopKo represented, by and through its agents, through the spring and summer of 2004 that it remained interested in continuing to purchase specialty manufactured jewelry from Scorpio in continuation of their ongoing business relationship.
> 78. That ShopKo knew that these representations were false but made the representations with the intent to deceive Defendants as to the continuing nature of their business relationship.

(Baumgart Aff., Ex. A.) These misrepresentations were part of "an effort to deceive Scorpio as to the actual date when ShopKo breached the tower agreement." (*Id.*, ¶ 80.) Under the display tower contract between plaintiff and defendant, Shopko was to refund an amortized portion of proceeds it received from the defendant in the event Shopko decided to cease doing business with Scorpio. By continuing the ruse that it was still interested in doing business with Scorpio, the theory goes, Shopko was reducing the amortized amount it would have to pay when it ultimately notified Scorpio that their relationship was over.

Shopko's quibble with this proposed counterclaim is that the defendants have already disclaimed any interest in pursuing the refunds under the display tower agreement. Nearly a year ago the defendants sought dismissal on jurisdictional grounds, arguing that the amounts at issue in this case were lower than $75,000. *See* 28 U.S.C. § 1332(a). Specifically, Shopko notes, the defendants claimed that the only issue in this case was a jewelry supply agreement between the parties–not the tower agreement the defendant now cites. Scorpio's own president confirmed this in an affidavit, stating that the amounts due under the tower agreement was undisputed. (Paolucci Aff., ¶¶ 7-9.) These, Shopko claims, are binding judicial admissions, meaning that Scorpio cannot now claim that the damages due under the tower agreement are in dispute. Scorpio deliberately chose to disclaim any interest in the tower agreement in order to avoid federal jurisdiction, Shopko asserts, and having lost that fight it should not be allowed to resurrect the issue now.

Scorpio's response is that even if it had earlier claimed that the tower agreement was not at issue in this lawsuit, that concession is off the table now because it was based on incorrect information. In the defendants' view, Shopko's own misrepresentations were largely to blame for Scorpio's belief that the tower agreement issue was settled. Based on recent disclosures provided

2

in discovery, Scorpio asserts that a dispute clearly now exists about the payments due under that agreement.

As the parties recognize, Rule 15 fosters a liberal amendment scheme, allowing amendments as a matter of course unless prejudice results from undue delay, or unless the amendment would be futile. Fed. R. Civ. P. 15(a); *Indiana Funeral Directors Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003). Here, there is no suggestion of prejudice, and I am not persuaded that the proposed amendment would be futile. Shopko has cited cases supporting the enforcement of admissions made by parties and counsel during the course of litigation, but it has not provided any authority to hold a party to an admission when the party claims that the admission was induced partly by fraud. That is the crux of the proposed counterclaim here – newly provided discovery has convinced the defendants that Shopko owes them more money than they originally thought. Thus, their original concession to the contrary was based on incorrect information. This is not to say that Scorpio's amended counterclaim will succeed, but merely that it is not the sort of patently futile claim that would justify denying a motion to amend in the absence of prejudice. Accordingly, the motion to amend will be granted.

Also in dispute is the defendants' motion for another extension of time. Two previous extensions, unopposed by Shopko, have been granted. The instant motion seeks an extension in order to obtain additional information about the proposed amended counterclaim, as well as information about how Shopko stores its records. The motion is opposed, largely because Shopko argues (as discussed above) that the display tower agreement is not (or should not be) at issue in this case. The motion seeks until December 29 in which to complete discovery, a relatively modest amount of additional time. In addition, because the bulk of the additional discovery sought appears

3

related to the newly amended counterclaim, there is little indication that the defendants have been dilatory in seeking the depositions it now wants to take.

That said, the court is sympathetic to Shopko's protest that this case involves a relatively small amount of money (close to the bare minimum allowed in a federal diversity action) and agrees that the case needs to proceed to the merits as soon as possible, lest the costs and delays of litigation overshadow the money originally in dispute. Accordingly, the defendants' motion for an extension of time is granted with the understanding that the new discovery deadline will be the final one.

The motion for to amend the answer is **GRANTED**. Exhibit A to Docket No. 48 is to be docketed as the defendants' amended answer.

The motion to amend the scheduling order is **GRANTED**; discovery is to be completed by December 29, 2006, and dispositive motions are to be filed by January 19, 2007.

**SO ORDERED** this     4th     day of December, 2006.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge